IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND W. SEDDON, JR and<br>CHARLOTTE J. SEDDON,<br><br>    Plaintiffs,<br><br>v.<br><br>RANGE RESOURCES-APPALACHIA, LLC<br><br>    Defendant. | Case No. __2:22-cv-213__<br><br>Electronically Filed |

**DEFENDANT RANGE RESOURCES – APPALACHIA, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Range Resources – Appalachia, LLC ("Range Resources") files this Notice of Removal, removing this case from the Court of Common Pleas of Washington County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support of removal, Range Resources states as follows:

**STATEMENT OF REMOVAL**

1.   Plaintiffs Raymond W. Seddon, Jr. and Charlotte J. Seddon (collectively, the "Plaintiffs") commenced this case in the Court of Common Pleas of Washington County, Pennsylvania by filing a Complaint (the "Complaint") on December 28, 2021 that was docketed at No. 2021-7887.

2.   Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached and incorporated by reference as **Exhibit 1**. No other proceedings have occurred in the Court of Common Pleas of Washington County, Pennsylvania, and no other pleadings, process, or orders have been served upon Range Resources.

3.   Range Resources was served with a copy of the Complaint on January 6, 2022.

4. Range Resources has not filed any responsive pleadings in the Court of Common Pleas of Washington County, Pennsylvania.

**REMOVAL ALLEGATIONS**

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6. Further, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between . . . citizens of different states."

7. Because this case involves claims whose value exceed the sum of $75,000, exclusive of interests and costs, and because the case arises between citizens of different states, it lies within the original jurisdiction of this Court, pursuant to 28 U.S.C. § 1332(a).

8. In removing this case to this Court, Range Resources does not intend to waive any defenses it may have in this case, including, but not limited to, improper service, personal jurisdiction, or improper venue.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
BETWEEN THE PLAINTIFFS AND RANGE RESOURCES**

9. Upon information and belief, there is complete diversity between all of the Plaintiffs and Range Resources.

10. The Complaint alleges that plaintiff Raymond W. Seddon, Jr. resides at 41 Hamilton Acres Lane, Washington, Pennsylvania. *See* Compl. ¶ 1. Accordingly, Raymond W. Seddon, Jr. is a citizen of Pennsylvania.

11. The Complaint alleges that plaintiff Charlotte J. Seddon resides at 43 Hamilton Acres Lane, Washington, Pennsylvania. *See* Compl. ¶ 2. Accordingly, Charlotte J. Seddon is a citizen of Pennsylvania.

12. The Complaint alleges that Range Resources is a limited liability company with an address for service of process in Harrisburg, Pennsylvania. *See id.* ¶ 3.

13. These allegations in the Complaint are irrelevant for determining citizenship because, for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013)).

14. The citizenship of Range Resources' membership is described in the Declaration of Erin McDowell (the "McDowell Declaration"). *See Susman v. The Goodyear Tire & Rubber Co.*, No. 17-3521, 2018 WL 1243733, at *8 (E.D. Pa. Mar. 8, 2018) (considering affidavit submitted by defendant in evaluating diversity of citizenship). A true and correct copy of the McDowell Declaration is attached and incorporated by reference as **Exhibit 2**.

15. Range Resources is a Delaware limited liability company. *See* McDowell Declaration ¶ 3. Range Resources' only member is Range Resources – Pine Mountain Inc., a Delaware corporation with a principal place of business in Fort Worth, Texas. *Id.* ¶ 4. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also GBForefront, LP v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 41 (3d Cir. 2018) (citing *Johnson*, 724 F.3d at 348-49)) (noting that citizenship of a limited liability company, whose sole member is a corporation, is determined by the state of incorporation and principal place of business of the corporation).

Accordingly, Range Resources is a citizen of Delaware and Texas for purposes of determining diversity jurisdiction.

16. Because, for purposes of determining diversity jurisdiction, the Plaintiffs are citizens of Pennsylvania, and Range Resources, the sole defendant, is a citizen of Delaware and Texas, this is a case between citizens of different states pursuant to 28 U.S.C. § 1332. Diversity jurisdiction existed at the time the Complaint was filed, has existed since that time, and exists at the time of this Notice of Removal.

## AMOUNT IN CONTROVERSY

17. Both counts in the Complaint seek monetary damages "in excess of arbitration limits." Based on a plain reading of the Complaint, the amount in controversy in this case exceeds $75,000.

18. It is the removing party's burden to demonstrate that the amount in controversy exceeds the jurisdictional amount. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

19. A determination of the amount in controversy "begins with a reading of the complaint filed in state court." *Frederico*, 507 F.3d at 197. "The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quotations omitted). The "court must look to see if the plaintiff's actual monetary demands *in the aggregate* exceed the threshold." *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d. Cir. 2006) (emphasis added); *see also Suber v. Chyrsler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) ("The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other."

(citations omitted)).  Where multiple plaintiffs have "a common and undivided interest" in the claims alleged, their claims may be aggregated when calculating amount in controversy.  *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 56 (D.D.C. 2003).

20. The "ad damnum clause" in a complaint is the "customary reference point to ascertain the amount in controversy." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 502 n.3 (3d Cir. 2014).  Further, when a complaint does not seek damages in a precise monetary amount, the district court may look to the notice of removal and make an independent evaluation of the claim from the record before it.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

21. "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quotations omitted).  The Third Circuit assesses the amount in controversy requirement from the viewpoint of the plaintiff.  *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 543-44 (3d Cir. 1995).

22. Applying basic arithmetic to the claims the Plaintiffs assert and the amount of monetary damages sought for each claim, the Plaintiffs seek damages in excess of $75,000.

23. Under 42 Pa. C.S. § 7361(a), when prescribed by general rule or rule of court, such civil matters or issues specified by rule must first be submitted to and heard by a board of three members of the bar of the court.  Under Wash. L.R.C.P. 1301(a) civil actions in which the amount in controversy is $50,000 or less must be submitted to compulsory arbitration.  A true and correct copy of Wash. L.R.C.P. 1301 is attached and incorporated by reference as **Exhibit 3**.

24. When a plaintiff seeks damages in the ad damnum clause in more than one count of a complaint in excess of a $50,000 compulsory arbitration limit, courts have no difficulty finding that the $75,000 amount in controversy requirement for diversity jurisdiction is satisfied.  *See, e.g.*,

*Snare v. GEICO Gen. Ins. Co.*, 2018 U.S. Dist. LEXIS 123744, at *2 (M.D. Pa. July 24, 2018) ("Thus, by certifying at three points in the Complaint that he is entitled to an amount in excess of the compulsory arbitration threshold in Lackawanna County, Plaintiff has also acknowledged that he is entitled to damages in excess of $50,000 in each count.").

25. Count I asserts a breach of contract claim alleging that Range Resources "is miscalculating the Seddons' post-production costs under the Lease and is failing to adhere to the Lease's minimum royalty obligation of 12.5% of the price paid to Range-Appalachia per thousand cubic feet of gas and their constituents marketed and used." *See* Compl., ¶ 46. The Plaintiffs seek monetary damages "in an amount in excess of arbitration limits … plus any other costs and fees allowed by the Lease and Pennsylvania law." *See* Compl., ¶¶ 36-49; *see also,* Count I WHEREFORE Clause. Therefore, a fair and reasonable reading of Count I is that the Plaintiffs are at a minimum seeking $50,000 in monetary damages.

26. Count II asserts a breach of contract claim alleging that Range Resources improperly deducts post-production costs from the Seddons' royalties "that are non-specific to the hydrocarbons produced from the wells on the Subject Property and/or units that include the Subject Property." *See* Compl., ¶57. The Plaintiffs seek monetary damages "in an amount in excess of arbitration limits … plus any other costs and fees allowed by the Lease and Pennsylvania law." *See* Compl., ¶¶ 50-60; *see also,* Count II WHEREFORE Clause. Therefore, a fair and reasonable reading of Count II is that the Plaintiffs are at a minimum seeking $50,000 in monetary damages.

27. As to plaintiffs Raymond W. Seddon, Jr. and Charlotte J. Seddon, who are each alleged to have a joint interest in an oil and gas lease, *see* Compl., ¶ 4, their claims for monetary damages are properly aggregated for the purposes of determining removal jurisdiction. *See Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 56 (D.D.C. 2003). In addition, where a

plaintiff or plaintiffs have asserted two or more causes of action against a single defendant, the value of the claims is aggregated for the purposes of assessing the amount in controversy as to each plaintiff or plaintiffs.  *See Hamm v. Allstate Property & Casualty Ins. Co.,* 908 F. Supp. 2d 656, 663-64 (W.D. Pa. 2012).

28.    The monetary damages expressly sought at Count I and Count II, in the aggregate, exceed the $75,000 amount in controversy threshold.  *See Snare*, 2018 U.S. Dist. LEXIS 123744, at *3 ("The case law compels the conclusion that Plaintiffs' complaint explicitly seeks in excess of $50,000 in each of three counts – thus alleging total damages that aggregate to more than satisfy the $75,000 jurisdictional amount.").

## **REMOVAL PROCEDURE**

29.    Removal of this case is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because this Notice of Removal is filed within 30 days of receipt of the Complaint by Range Resources.  *See supra* ¶ 3.

30.    Removal is properly made to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1441(a) because Washington County, where this case is pending, is within the Western District of Pennsylvania.  *See* 28 U.S.C. § 118(c).

31.    Range Resources will file written notice of the filing of this Notice of Removal with the Prothonotary for the Court of Common Pleas of Washington County, Pennsylvania, concurrently with the filing of this Notice of Removal, and will service the same on the Plaintiffs pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, by this Notice of Removal, Range Resources removes this case from the Court of Common Pleas of Washington County, Pennsylvania and requests that this case proceed as properly removed to this Court.

|  |  |
|---|---|
|  | REED SMITH LLP |
| Dated: February 4, 2022 | /s/ Justin H. Werner |
|  | Justin H. Werner |
|  | Pa I.D. No. 203111 |
|  | Thomas J. Galligan |
|  | Pa I.D. No. 317941 |
|  | Reed Smith Centre |
|  | 225 Fifth Avenue |
|  | Pittsburgh, PA 15222 |
|  | Tel: (412) 288-3131 |
|  | Fax: (412) 288-3063 |

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2022, a true and correct copy of the foregoing Defendant Range Resources-Appalachia LLC's Notice of Removal has been served by U.S. First Class Mail, postage paid, upon the following individuals:

Robert J. Burnett, Esquire<br>
Brendan A. O'Donnell, Esquire<br>
Houston Harbaugh, P.C.<br>
401 Liberty Avenue<br>
Three Gateway Center, 22nd Floor<br>
Pittsburgh, PA 15222

                                              /s/ Justin H. Werner